IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES HAROLD HOLMES, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:26-cv-03357-MDH** |
| | ) | |
| **BENJAMIN KIRK RUDY, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is Plaintiff's Emergency Motion to Stay Pretrial Release Conditions and for an Immediate Protective Order. (Doc. 10). Plaintiff also filed a declaration in support of this motion and a supplemental notice. (Docs. 11, 14). In the emergency motion, Plaintiff asks this Court to interfere with his state court proceedings. Specifically, Plaintiff asks the Court to issue an order permitting him to avoid a pretrial requirement that he return from Springfield, Missouri, to the county in which he is charged, Pulaski County, within six days. His supplemental notice, however, states that the state court proceedings have now been accelerated and that a hearing will occur tomorrow, October 21, 2026. His motion also requests a protective order that prohibits Defendants from forcing him to comply and from enforcing any consequences for his failure to comply.

Under the *Rooker-Feldman* doctrine, a party losing in state court is barred from seeking appellate review of the state judgment in federal district court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). Flowing from this principle, "federal courts have been directed to abstain from accepting jurisdiction in instances where a grant of equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism." *Endeshaw*

*v. Poston*, No. Civ. 00–691 DWFAJB, 2001 WL 34624007, at *1 (D. Minn. June 29, 2001) (citing *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998)). The *Younger* abstention doctrine prohibits federal courts "from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) (citing *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998) (internal quotation marks omitted).

Plaintiff is not a losing party in his state court proceedings because that case has yet to be adjudicated. However, his motion asks this court to involve itself in state proceedings by dictating what pretrial conditions the state court may impose on him. This offends the principles of comity and federalism. The *Younger* abstention doctrine also requires this Court to abstain from taking the requested action because the criminal case against Plaintiff is judicial in nature; implicates the State's important interest in adjudicating state criminal complaints; and presents an adequate opportunity for review of any constitutional claims Plaintiff may raise. While Plaintiff alleges he has evidence that the state actors involved are retaliating against him, his motions do not contain any material beyond conclusory accusations. Therefore, this Court cannot give him the requested relief.

Plaintiff also requested in his emergency motion an emergency conference to discuss the motion. This Order makes Plaintiff aware of the Court's position and the relevant long-established legal doctrines. However, if Plaintiff still desires a conference, he should so advise the Court.

It is hereby **ORDERED** that Plaintiff's Emergency Motion to Stay Pretrial Release Conditions and for an Immediate Protective Order is **DENIED**.

**IT IS SO ORDERED**.
DATED: October 20, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**